IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-286-GMS |
| | ) Del. No. 0909008893 |
| SHARIF MOZAAR MUSTAFA EL BEY | ) |
| a/k/a Alton Cannon, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

On April 8, 2010, the plaintiff, Sharif Mozaar Mustafa El Bey, also known as Alton

Cannon ("Cannon"), filed a notice of removal from the Court of Common Pleas for the State of

Delaware ("Court of Common Pleas"). (D.I. 2.) He appears *pro se* and has been granted leave to

proceed *in forma pauperis*. For the reasons discussed below, the court will summarily remand

the case to State Court.

### II. FACTUAL AND PROCEDURAL BACKGROUND

Cannon filed a notice of removal pursuant to 28 U.S.C. § 1446 and Fed. R. Evid. 201(b),

403, and 404(b). (D.I. 2.) Exhibits attached to the notice of removal refer to Delaware Case No.

0909008893JAP. (*Id.*) The criminal docket for of Case No. 0909008893JAP indicates that

Cannon was arraigned on November 16, 2009, with possession of an open container of alcohol.

He pled guilty on March 8, 2010, and was ordered to pay a fine of $291 to the Court of Common

Pleas. The first payment was due on April 8, 2010. Cannon appealed, three issues were

dismissed as frivolous, and Cannon was order to brief ground four. On appeal, Cannon was ordered to pay a twenty-five dollar filing fee and advised he was to pay the costs of transcripts.

Exhibits are also included for three other cases: (1) Case No. 0607009542, for possession of drug paraphernalia and an alcohol violation. This case was nolle prossed on September 11, 2006. (2) Case No. 071001650, for an alcohol violation. Cannon was found not guilty of this violation on June 15, 2009. (3) Case No. 0904005432, for an open container and "civil contempt of disobey resist order." Cannon's arraignment was scheduled for June 19, 2009, he was found guilty on November 25, 2009, ordered to pay $165 in fines and costs, and placed in the custody of the Department of Correction for four days. Cannon appealed and was denied *in forma pauperis* status on appeal.

The notice of removal states that the city code is not the law, does not carry with it the force of law, is null, void, and unenforceable. It also states that Cannon was deprived of his protected liberty interest and the right to face his accuser when the State of Delaware failed to appear in person on March 8, 2010. Cannon further alleges that on March 8th, the State Court instituted "res/rem" proceedings against him. Finally, the notice states that Cannon placed the State Court on notice of his indigency, his motion to proceed *in forma pauperis* was denied, and the State Court has threatened to close the courthouse doors if he does not pay the filing fee.

## III. STANDARD OF REVIEW.

In order for a case to be removable to the district court, the court must have original jurisdiction by either a federal question or diversity of citizenship. 28 U.S.C. §§ 1331, 1332, 1441. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Kline v. Security Guards, Inc.*, 386 F.3d 246, 252

2

(3d Cir. 2004) (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). If the case could not have been filed originally in federal court, then removal under 28 U.S.C. § 1441 is improper and remand is appropriate. *Id.* (citations omitted).

## IV. DISCUSSION

This case has been removed pursuant to 28 U.S.C. § 1446 and Rules 201(b), 403, and 404(b) of the Federal Rules of Evidence. Under § 1446, a notice of removal of a criminal prosecution shall include all grounds for such removal. 28 U.S.C. § 1446(c)(2). A federal district court is to examine promptly the notice of removal of a criminal prosecution. 28 U.S.C. 1446(c)(4). If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand. *Id.* Section 1446(c)(1) provides that a notice of removal of a criminal prosecution shall be filed not later than thirty days after the arraignment in the State Court, or at any time before trial, whichever is earlier, except that for good cause shown the United States district court may enter an order granting the defendant or defendants leave to file the notice at a later time.

The notice of removal contains exhibits that refer to four criminal cases. In Case No. 0909008893JAP, Cannon pled guilty on March 8, 2010, and the case is on appeal; in Case No. 0607009542, the case was nolle prossed on September 11, 2006; in Case No. 071001650, Cannon was found not guilty on June 15, 2009; and in Case 0904005432, Cannon was found guilty on November 25, 2009, and sentenced. Cannon failed to timely file the notice of removal in each case as it was either filed later than thirty days after the arraignment in the State court, or the matter was resolved at trial. Cannon's failure to timely file his notice of removal renders the

3

removal procedurally defective. Finally, the court finds that Cannon has not shown good cause for his failure to timely remove the cases.

## IV. CONCLUSION

For the above reasons the court will court summarily remand the case to State court. An appropriate order will be entered.

CHIEF, UNITED STATES DISTRICT JUDGE

May 27, 2010
Wilmington, Delaware

4

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STATE OF DELAWARE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civ. Action No. 10-286-GMS |
| | ) Del. No. 0909008893 |
| SHARIF MOZAAR MUSTAFA EL BEY | ) |
| a/k/a Alton Cannon, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

At Wilmington this  27th day of _____, 2010, for the reasons set forth in

the Memorandum issued this date;

The  case is **summarily remanded** to the Court of Common Pleas for the State of

Delaware.

CHIEF UNITED STATES DISTRICT JUDGE